plaintiff. The motion was overruled. The evidence shows that the father of the parties died on February 25th, 1891, leaving certain lands, and on March 20th, 1891, the plaintiff purchased of the defendant his interest in these lands, receiving defendant's deed therefor. One of the administrators of the estate testified that the deceased Autrey had two croppers on his land at the time of his death, and some of the land sown in oats; that the administrators rented out some of the land at standing rents; that after deducting the expenses, commissions and one fifth of the rents due the widow (she having elected to take one fifth of the estate), the balance was divided among the other distributees, and defendant was paid $50.97 as his share of the rents which accrued during the first year after the death of his father, and went into the hands of the administrators, and were distributed among the heirs. The plaintiff testified that all the crops on the land were grown and planted after he bought defendant's interest.

T. L. Lewis, for plaintiff in error.

B. F. Simpson and Enoch Faw, contra.

---

East Tenn., Va. & Ga. Railway Co. v. Smith.

1. Where one receives a personal injury which causes at first temporary unconsciousness, and a physician is called, and during his attendance, extending continuously through some weeks, the patient complains of pain, and indicates the region thereof in her system, these facts are competent evidence in her favor on the trial of an action for the tort causing the injury, when testified to by the physician in connection with a description of the symptoms which he observes in the course of his attendance and treatment.

2. According to the principle laid down by this court in *Atlanta & Charlotte Air-Line Ry. Co. v. Gravitt*, 93 *Ga.* 369, the railway company was not, relatively to the plaintiff who was injured by a passing train about 125 yards from a public crossing, under any duty to comply with the statutory requirements as to blowing the whistle and checking the speed of the train, and consequently

the failure to observe these requirements was not, as to her, negligent, and she was not entitled to recover. BLECKLEY, C. J., dissenting.                                                        *Judgment reversed.*

June 25, 1894. Argued at the last term.

Action for damages.  Before Judge HENRY.  Floyd superior court.  March term, 1893.

McCUTCHEN & SHUMATE and HOSKINSON & HARRIS, for plaintiff in error.

WRIGHTS & HARPER and DEAN & SMITH, *contra*.

---

MATHIS *v.* WEAVER, executor.

1. Where the distributee of an estate brings an action against the administrator for assets in his hands consisting of money and property not described, and prays for a judgment in money, a person, whether a resident of the same or of another county, to whom the assets have been delivered by the administrator, and against whom there is no charge made that he converted, appropriated or mismanaged them or committed or threatened any wrong as against the rights of the plaintiff, and on whom no demand for the assets has been made, is not either a necessary or a proper party defendant to the action; and as to him the petition sets forth no cause of action, legal or equitable, there being against the administrator no charge of waste or mismanagement nor of any dealing with the assets of the estate, except the placing of them, together with all his own effects, in the custody of the codefendant, and this not being alleged to be wrongful, fraudulent or hurtful to the plaintiff, or done without her consent.

2. The codefendant of the administrator being a non-resident of the county in which the suit was brought, and the original petition setting forth no cause of action as to him, jurisdiction over him in that county could not, if at all, be obtained by an amendment made to the petition after the death of the administrator, the resident defendant, and before making his legal representative a party.                                                  *Judgment reversed.*

June 30, 1894. Argued at the last term.

Equitable petition.  Before Judge BUTT.  Marion county.  June 30, 1893.

On February 25, 1893, Mrs. Mary M. Harvey presented her petition to the superior court of Marion county,