## WYATT *v.* CITY OF ROME.

A municipal corporation, while enforcing a valid ordinance requiring citizens and residents of the city to submit to vaccination, is exercising a governmental power; and is, therefore, not liable to a citizen who may sustain damage on account of impure vaccine matter administered to him by one of the officers or agents of such corporation.

Argued June 17, —Decided July 26, 1898.

Action for damages. Before Judge Harris. City court of Floyd county. December term, 1897.

By ordinances of the City of Rome, every resident of that city was required to be successfully vaccinated, or to be vac-

cinated a sufficient number of times to make it evident that successful vaccination was impossible; and upon failure or refusal of any resident over fifteen years of age to be so vaccinated, it was provided that he should be punished by fine or imprisonment.    At council meetings in August, 1897, it was ordered that these ordinances be immediately enforced and be published; and that five physicians be employed to assist the city physicians in vaccinating all persons who had not been vaccinated.    During the same month one of the physicians so employed approached the plaintiff in this case, and insisted that plaintiff show his arm, which plaintiff did.    He said plaintiff would have to be again vaccinated, and on his objecting, informed him that he would have to submit, under penalty of the city ordinance.    Plaintiff then submitted to the vaccination, under protest.    He contends that the city thereupon used upon his arm vaccine matter which was bad, poisonous and injurious, and from which blood poison resulted, to his great damage; that the city bought and furnished to said physician the vaccine matter that was so used, which when brought to the city was not marked with the name of any manufacturer; that all such matter unbranded with the name of a manufacturer is suspicious, usually impure and unsound, and universally known to be impure; and that the city was negligent in using the same.    This action was brought to recover damages for the injury; but the court dismissed it on demurrer.

*C. A. Thornwell* and *Fouche & Fouche,* for plaintiff.

Lewis, J.    The right to prescribe regulations looking to the preservation of the public health is one of those sovereign powers that belong to the State.    This power can be delegated by the State to any of its subdivisions of government, such as a municipality or a county, and in the use of it by such subdivisions they are in the exercise of a function purely governmental.    As a general rule a subordinate branch of the government is not liable for injuries sustained by any one growing out of negligence, misfeasance, or nonfeasance of its officers and agents who are charged with the duty of enforcing laws or ordinances enacted for the public good in the exercise of a govern-

mental function, and not in the exercise of a private franchise. The exceptions to this general rule are not founded so much upon principle as judicial precedents. The rule itself is based upon a principle as old as English law, that "the King can do no wrong." It is upon this idea that the sovereignty of a State protects it against suits by its subjects, no one having a right to hold it liable for any act of its officers or agents, unless such right is expressly granted by the State itself. When a municipality exercises a governmental power conferred upon it by the State, it is just as if the State itself were in the exercise of the function thus conferred. Among the precedents which have been established by courts of last resort, that are apparently exceptions to this general rule, we have been able to find none that would hold a city liable for any injury that may be sustained as the result of enforcing measures legally enacted for the promotion and preservation of the public health. On the contrary, authority is abundant and almost limitless establishing the non-liability of a municipality in such cases. We do not think this is an open question in this State, for it has practically been decided in the case of *Love* v. *Atlanta,* 95 *Ga.* 129. The reasoning for the decision in that case given in the lucid opinion of Justice Atkinson follows the uniform trend of judicial expression, and is especially applicable to the case at bar. On page 133, he says: "If the State delegate to a municipal corporation, either by general law or by particular statute, this power, and impose upon it within its limits the duty of taking such steps and such measures as may be necessary to the preservation of the public health, the municipal corporation likewise, in the discharge of such duty, is in the exercise of a purely governmental function, affecting the welfare not only of the citizens resident within its corporation but of the citizens of the commonwealth generally, all of whom have an interest in the prevention of infectious or contagious diseases at any point within the State, and in the exercise of such powers is entitled to the same immunity against suit as the State itself enjoys." Upon the same line, and practically in point, we cite the following as a few of the many decisions and authorities on this subject. 15 Am. & Eng. Enc. L. 1164-5, with citations; 2 Dill.

Mun. Corp. § 977; Tied. Mun. Corp. § 332; Sherbourne *v.* Yuba County, 21 Cal. 113; Summers *v.* Commissioners, 103 Ind. 262, in which it is decided that "Counties are instrumentalities of government, and are not liable for injuries caused by the negligence of the commissioners in the selection of an unskilful or incompetent physician for the care of the poor"; Ogg *v.* Lansing, 35 Iowa, 495, in which it is ruled that "A city is not liable for the negligence of its officers or agents in executing sanitary regulations, adopted for the purpose of preventing the spread of contagious disease, or in taking the care and custody of persons afflicted with such disease, or the houses in which such persons are kept." The city in the present case was in the exercise of a most important function of government in which not only the inhabitants of the city but the public at large were interested. The measure in question which it adopted looked to the prevention of the spread of a contagious and serious malady with which it was at the time perhaps threatened. To allow any citizen a right of action on account of injuries real or supposed that he may have suffered in the interest of the public good would be to paralyze the arm of the municipal government, and either render it incapable of acting for the public weal, or would render such action so dangerous that the possible evil consequences to it, resulting from the multiplicity of suits, might be as great as the smallpox itself. Hence the wisdom of the law in exempting it from liability on such an alleged injury as is set forth in the petition. It was not contended, either in the pleadings or argument, that the City of Rome did not have the right to pass the ordinance requiring its citizens and residents to submit to vaccination. On the contrary, the suit was not based on any alleged want of authority in the city to legislate on the subject, but solely on the negligent manner in which the city, through its officers and agents, enforced this ordinance.

　　　*Judgment affirmed. All the Justices concurring.*