## 30778. DONLEY *v.* THE STATE.

DECIDED APRIL 28, 1945.

*Lowrey Stone,* for plaintiff in error.

*Horace Bell,* solicitor, contra.

MacINTYRE, J. The evidence authorized the verdict finding the defendant guilty of driving an automobile while under the influence of intoxicating liquor. The evidence for the State was as follows: "I am now, and was on March 22, 1942, deputy sheriff of Early County. On that day, about 1 o'clock in the morning, I made a routine trip to Troy White's place, located about a mile west of Blakely on the Blakely to Columbia highway. There were some twelve or fifteen cars parked around there, and I parked my car near them where I could see into the door. I saw the defendant get out of his car and go into White's place, where he spoke to White and bought and drank a coca-cola. When he finished drinking the coca-cola, he came out, got into his car, backed it within ten feet of my car, and drove toward Blakely. I drove after him and stopped him about a quarter of a mile from White's, and arrested him. I got someone to drive his pick-up to town, because I did not consider him in condition to drive. When I arrested him I could smell alcohol on his breath. There was no whisky in his car. His car was a pick-up truck with a slat body. I consider he was under the influence of intoxicating liquor because I smelled it on his breath when I arrested him, and because he seemed to stagger or walk differently from what he ordinarily did when he got out of the car to go into White's place. These are the only reasons I have for saying he was under the influence of liquor. There was nothing wrong with his driving or his operation of the car. He drove straight, stayed on the right side of the road, did not drive fast, did not wobble or run from side to side of the road,

and stopped when called on to do so." The defendant in his statement to the jury denied his guilt. Under the defendant's statement the jury would have been authorized to acquit him. However, they accepted the evidence for the State and convicted him.

It was competent for the witness to testify that the defendant was under the influence of intoxicating liquor. Where the deputy sheriff, a witness who had an opportunity to observe and did observe the defendant, testified that the defendant was under the influence of intoxicating liquor, this was a statement of fact actually observed by the witness at the time as evidenced by the defendant's conduct and appearance. *Johnson* v. *State,* 69 *Ga. App.* 377 (25 S. E. 2d, 584). In Guedon *v.* Rooney, 160 Oregon 621 (7) (87 Pac. 2d, 209, 120 A. L. R. 1298), it is said: "A witness who satisfactorily shows that he had opportunity to observe and did observe a person's condition may state whether such person was intoxicated and the extent of such intoxication, and whether that person had been drinking or was just recovering from a state of drunkenness, since the facts can not be presented or depicted to the jury precisely as they appeared to the witness and it is impracticable for him, from the nature of the subject, to relate the facts without supplementing their description with his conclusions." It is error to refuse to permit a witness to state whether or not the defendant was intoxicated at a certain time, without stating the facts on which he based his opinion; and he might also state his opinion as to what extent the defendant was intoxicated. Error in refusing the testimony is not rendered harmless by permitting the witness to describe the defendant's appearance and demeanor at the time. State *v.* Cather, 121 Iowa 106 (96 N. W. 722). In the opinion in the Cather case, it is said: "It is well settled that a witness may state whether or not another was intoxicated at a particular time, without narrating the facts on which he bases his opinion; and it is also permissible for a non-expert witness to state how far another was affected by intoxication. State *v.* Huxford, 47 Iowa, 16; Yahn *v.* City of Ottumwa, 60 Iowa, 433 [15 N. W. 257]; State *v.* Wright, 112 Iowa 443 [84 N. W. 541]; Bailey *v.* City of Centerville, 108 Iowa 23 [78 N. W. 831]. While tacitly admitting error in these rulings, the attorney-general contends that the witnesses were permitted to give in evidence the defendant's appearance and demeanor, at all times material to the inquiry, and hence no preju-

dice resulted. This argument entirely overlooks the reason given for the admission of such evidence. The acts, conduct, and demeanor of a person under the influence of intoxicants can not be accurately reproduced, and for this reason the question of intoxication is better determined from the direct answers of those who saw him, than from any description of his conduct." In short, "drunkenness is easy of detection and difficult of explanation." *Durham* v. *State,* 166 *Ga.* 561 (144 S. E. 109). And in *Choice* v. *State,* 31 *Ga.* 424, 467, the court said: "It would seem rather captious to object to the [testimony of named witnesses] that [the] prisoner 'appeared to be drinking.' Such expressions, both in ordinary life and in the courts, convey to the mind, with sufficient certainty, the condition of a person, so as to enable one to pronounce a decision thereon, with reasonable assurance of its truth. Really, no other rule is practicable. If the witness must be confined to a simple narration of facts, how the person leered or grinned, how he winked his eyes or squinted, how he wagged his head, etc., all of which drunken men do, you shut out, not only the ordinary, but the best mode of obtaining truth." If the jury must be confined to a simple narration of the acts or facts, as detailed by the witnesses in forming their opinion as to whether the defendant was under the influence of intoxicating liquor, it would make the rule of proving intoxication an impracticable one and shut out, not only the ordinary, but the best mode of obtaining the proof; for the impression of a witness from the conduct and appearance of the defendant under the witness's actual observation has been held to be a statement of fact actually observed. *Johnson* v. *State,* supra. Thus, in the instant case, where the answer of the witness was that the defendant was under the influence of intoxicating liquor, the jury were authorized to say, that since the observed matter in issue could not be so fully and accurately described as to put the jury completely in the witness's place and enable the jurors to draw the inference equally as well as the witness, they preferred to determine the condition of the defendant from the direct answers of the witness who observed him, rather than from the subsequent description of his condition by the witness. *Jefferson* v. *State,* 56 *Ga. App.* 383 (192 S. E. 644); *Glover* v. *State,* 15 *Ga. App.* 44 (5), 54 (82 S. E. 602). This we think

the jury had a right to do, and that the evidence authorized the verdict.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*