### 30917. GRIER *v.* THE STATE.

634

Decided June 28, 1945.

*W. E. Watkins, Benjamin B. Garland,* for plaintiff in error.
*Frank B. Willingham, solicitor-general,* contra.

MacIntyre, J. ■ The evidence authorized a verdict finding the defendant guilty of driving the truck on a public highway while under the influence of intoxicating liquor. The evidence for the State, as given by a witness, was substantially as follows: "At the time in question I saw the defendant, Ike Grier, driving the truck on the public highway in question. What attracted my attention was the speed at which he passed me, and there were several women in the back of the truck, and I stopped him and found he had been drinking. I stopped him about John Willie M——'s place on the highway, between here and' Indian Springs. He was coming this way towards Mr. Watkins's home. When I stopped him, Ike Grier was driving the truck; he was drinking; he had too much to be driving; he was under the influence of drinks at that time. I did not find any liquor of any kind, or beer, in the car. I made a case against him at that time. My sister-in-law was with me, Mrs. John L. Coleman. She is not here to-day; she has gone to Atlanta. That happened in Butts County. I tell the jury he was under the influence of liquor, and I did not think it safe for him to drive the truck going like he was, at that speed. The reason I say he was drinking is because I smelled it, and I know he was drinking. That is' the only way I know it, as I did not see him drink anything. I did not find any liquor on him; I just smelled some liquor on his breath; that is the only way I

had of knowing." The defendant in his statement to the jury denied his guilt. And his statement was in part corroborated by two witnesses. However, the jury accepted the evidence for the State and convicted the defendant.

■■ The jury on the trial of one charged with operating a motor truck on the public highway while under the influence of intoxicating liquor, are not confined to a simple narrative of the acts or facts, as described by a witness, in forming their opinion as to whether he was under the influence of intoxicating liquor. Since the facts can not be presented or depicted to the jury precisely as they appeared to the witness, and it is impractical for the witness, from the nature of the subject, to relate facts without supplementing their description with his conclusions, if he satisfactorily shows that he had an opportunity to observe and did observe the person's condition, he may state whether such person was under the influence of intoxicating liquor. And where his answer is that such person was under the influence of intoxicating liquor, the jury is authorized to say that since the observed matter in issue could not be so fully and accurately described as to put the jurors completely in the witness's place and enable them to draw the inference equally as well as the witness, they preferred to determine the condition of the defendant from the direct answers of the witness who observed him, rather than from the subsequent description of his condition by the witness. *Donley* v. *State,* 72 *Ga. App.* 429 (33 S. E. 2d, 925); *Jefferson* v. *State,* 56 *Ga. App.* 383 (192 S. E. 644); *Glover* v. *State,* 15 *Ga. App.* 44 (5), 54 (82 S. E. 602). This we think the jury had a right to do, and that the evidence authorized the verdict.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*