## 31343. WALKER *v.* THE STATE.

DECIDED OCTOBER 3, 1946.

*R. R. Forrester, Smith & Kelley,* for plaintiff in error.
*Harvey L. Jay, Solicitor-General,* contra.

MacINTYRE, J. The State's evidence showed substantially that Mrs. J. P. Shedd was driving her automobile in a lawful man-

ner on the right hand side of the street in Abbeville, Georgia; that Mr. O. J. Hunter was riding in the automobile with her; and that a truck struck her automobile from the rear, causing a wreck which seriously injured Mr. Hunter, the guest in her automobile. A witness, Wilson, testified for the State that he heard the wreck or collision and ran to see it; that the automobiles were still in motion when he turned to go outside; that Mack Walker (the defendant) and James Livingston were in the truck; that he and John Keene took Livingston out of the truck from the right hand side that the steering wheel was on the left side of the truck; and that Louis Keene took Mack Walker out from under the steering wheel. John Keene, a witness for the State, testified in part that "we" took the Livingston boy out of the right hand side of the truck; that he was about "middle ways of his side" with one foot hanging out of the right hand door and the other in the truck. A witness for the State, Crenshaw, testified that Mack Walker and Livingston, prior to the accident, came by his home (not within the City of Abbeville); that the defendant was driving the truck when they left; that there was no one in the truck except those two persons; that they had been drinking; and that "they went off with plenty of speed." Livingston, the other person in the truck, testified that both he and Walker had been drinking; that sometime before the wreck he went to sleep; that the next thing he remembered he was in the hospital in Fitzgerald from injuries caused by the wreck; and that at the time he went to sleep Mack Walker was driving the truck in question. This evidence for the State contained those elements which would authorize the jury to find that Mack Walker was driving the truck at the time of the collision. The other evidence amply authorized the jury to find that Walker was under the influence of intoxicating liquor at the time of the collision and that he was criminally negligent in striking the automobile of Mrs. Shedd in the rear, causing the collision which seriously injured Mr. Hunter, a guest in the automobile. Wilkinson, a witness for the defendant testified that just prior to the wreck in question he met Walker and Livingston about a mile outside the city limits of Abbeville; that he stopped and talked to Walker; that Livingston was driving the truck; and that, "If Mack Walker was drinking I didn't smell any." Mrs. Harden, a witness for the defendant, testified: "I live in Rochelle. I was at home on April 29th of

last year. James Livingston came to my house that afternoon in a pick-up truck. That was a little bit before sundown. He asked where my son was—Lewis Harden. James Livingston was alone in the truck then." The defendant introduced rebuttal evidence to the effect that Mack Walker was not driving the automobile and that he was not under the influence of intoxicating liquors. From the argument in the defendant's brief, the pressure is on the question of whether Walker or Livingston was driving the truck at the time of the wreck. As to who was driving the truck at the time in question, it will be noted that the evidence both for the State and for the defendant is circumstantial, there being sufficient circumstantial evidence for the State to authorize the jury to find that the defendant was driving the truck. On this phase of the case it was merely a question of whether the jury would accept the circumstantial evidence for the State or the rebuttal circumstantial evidence statement of the defendant. The jury were authorized from the whole evidence to find the defendant guilty of assault and battery as charged.

■ Special ground one. The court in his charge cautioned the jury: "If anything has occurred during the progress of the trial of this case that might incline your mind to any opinion as to what the judge thinks about this case, eliminate that from your mind altogether. . . Now with that word of caution, the court will undertake to state to you briefly and concisely the contention of the parties, without intimating in the slightest, any opinion as to what has or has not been proven in this case." In stating the contentions of the State in his charge, the judge, as to one of the contentions, said: "The State contends that at least this defendant is guilty of assault and battery in that he was guilty of criminal negligence in violating the criminal statutes in this State with reference to the rules of the road in driving the vehicle upon the public highway of this State, and that he is *certainly* guilty of assault and battery." (The emphasis on "certainly" in the quotation is by the defendant.) The objection urged to this charge is to the use of the words "at least" and "certainly," which "amounted to an expression by the trial judge that the movant was at least guilty of assault and battery even if the jury did not believe him guilty of the offense of assault with intent to murder." The charge itself shows that the judge was merely giving the conten-

tions of the parties; that immediately before he made the charge excepted to, he charged the jury that he was not expressing or intimating an opinion as to what had or had not been proved. After making such statement, the court charged the contentions of the State, and then charged the contentions of the defendant. The objection to the charge is not meritorious for the reasons urged.

■ Special ground two. "Movant says that the court committed error in charging the jury as follows: 'Now you will observe gentlemen, that the most serious proposition for you to decide in this whole case, is the issue joined as to whether or not this defendant was driving that automobile at all. You have his statement, and you may believe it in preference to the sworn testimony in the case if you want to. The State contends, as shown by the circumstances, that he was driving—that he was found under the steering wheel at the time the accident occurred and was driving over different sections of the county. The defendant contends and undertakes to establish by his witnesses that he was not driving the automobile at all, and that some other man was driving it—Livingston, I believe is the man. Now that is his side of it. That is the issue before you.' Movant says that the instructions therein contained, 'now you will observe, gentlemen, the most serious proposition for you to decide in this whole case, is the issue joined as to whether or not this defendant was driving that automobile at all' was an incorrect statement of the law in that it restricted the jury's consideration of movant's defense to the proposition of whether movant was driving the automobile at the time of the wreck or accident. The State charged in this indictment, and undertook to prove by witnesses on the trial, that not only was the movant driving the automobile at the time of the accident but that he was under the influence of intoxicating beverages and was driving a motor vehicle equipped with improper brakes; the movant, on the other hand, contends not only that he was not driving the motor vehicle at the time of the wreck, but also that he was not under the influence of intoxicating beverages and denied that the automobile in question was equipped with improper brakes and his plea of not guilty under said indictment constituted a denial of each and every material allegation therein."

If the jury in this case found that the contentions of the defendant as shown by his evidence and the evidence of the State, as well

as his statement to the jury, that he was not driving the automobile in question were true, it followed that the defendant was not guilty and the jury should have ceased further deliberations as to whether he was guilty of criminal negligence in the operation of the automobile as alleged in the indictment. Even if it should be said the charge was inaccurate, we do not think it was calculated to mislead the jury to the prejudice of the defendant and was not, under the facts in this case, cause for a new trial. *Elliot* v. *State,* 138 *Ga.* 23 (2), 24 (74 S. E. 691); *Hamilton* v. *State,* 143 *Ga.* 265 (4) (84 S. E. 583); *Smith* v. *State,* 161 *Ga.* 421, 424 (131 S. E. 163); *Smaha* v. *George,* 195 *Ga.* 412, 420 (24 S. E. 2d, 385). Moreover, the court had already charged the jury that the burden was upon the State to prove all of the material allegations of the indictment, and the excerpt complained of, instead of limiting the defendant's defenses, seems, without detracting from his other defenses, to have emphasized one of the defenses by especially calling attention thereto and thus indicating the serious necessity of the State proving it. This ground discloses no reversible error.

■ Special ground three. "Mrs. J. P. Shedd, a material witness for the State, over the objection of movant [was permitted] to testify as follows: 'We saw about Mr. Hunter [as he was pulled out of the wreckage] and he was completely knocked out—didn't know anything. He was unconscious. They took him out of the car and put him in the ambulance and Mr. Hunter as you see now, is in a serious condition and had been lagging there unconscious for about two weeks and he has not been able to do any work or anything since—he is out of work and it has affected his mind. Yes sir, I know Mr. O. J. Hunter did receive further injuries at the time of this wreck and from the wreck. He was unconscious for a long period of time—something around two weeks. Before the wreck he could get around normally. He cannot walk very far now. He was under the doctor's care two or three months after the wreck.' At the time such evidence was offered movant's counsel objected to the same on the following grounds: 'I object to the testimony of this witness as to either the physical or mental condition of Mr. Hunter following this accident—she is not an expert witness.' This objection was overruled by the court and the evidence was permited to go to the jury for its consideration."

The brief of evidence also disclosed that Mrs. Shedd was driving her automobile on the right hand side of a public street and that Mr. O. J. Hunter was riding with her when the other automobile in question in which the defendant was riding crashed into her automobile from the rear, causing a wreck, and when Mr. Hunter was pulled from the wreckage caused by the collision, that she not only observed him, but observed that he was unconscious. The admission of this testimony that Mr. Hunter was then and there unconscious was not subject to the objection urged, even though Mrs. Shedd was not an expert. It was not error to allow the witness who was present and observed Hunter to state whether or not Hunter was unconscious at the time he was extricated from the wrecked automobile without stating facts upon which she based her opinion. The acts, conduct, and demeanor of a person unconscious cannot be accurately reproduced, and for this reason the question of unconsciousness is better determined from the direct answer of a witness who saw him than from any description of his conduct. Since the observed matter of unconsciousness could not be so fully and accurately described as to put the jury in the witness' place and enable the jurors to draw the inference equally as well as the witness, the jury being entitled to such direct answer of the witness who saw him at the time of his alleged unconsciousness, may prefer to determine the condition of Hunter at the time from the direct answer of the witness who at the time observed him, rather than the description of his condition by the witness. *Donley* v. *State,* 72 *Ga. App.* 429 (33 S. E. 2d, 925) ; *Grier* v. *State,* 72 *Ga. App.* 633 (34 S. E. 2d, 642) ; *Barnes* v. *Thomas,* 72 *Ga. App.* 827, 836 (35 S. E. 2d, 364) ; International Coal & Mining Co. *v.* Industrial Commission, 293 Ill. 524 (127 N. E. 703, 10 A. L. R. 1010). See also *Reaves* v. *Columbus Electric &c. Co.,* 32 *Ga. App.* 140 (5) (122 S. E. 824). " 'The overruling of an objection to certain testimony of a witness, or other evidence, in bulk, some of which is not open to the objection made, is not ground for a new trial.' *Trammell* v. *Shirley,* 38 *Ga. App.* 710, 716 (145 S. E. 486) ; *M., D. & S. R. Co.* v. *Anchors,* 140 *Ga.* 531 (2) (79 S. E. 153) ; *Gilbert* v. *State,* 27 *Ga. App.* 604 (3-a) (109 S. E. 697)." *Maynard* v. *State,* 47 *Ga. App.* 221, 223 (170 S. E. 265). Under this rule, the overruling of the objection to such testimony in bulk,

some of which was not open to the objection urged, is not ground for a new trial. This ground shows no cause for a new trial.

The other special grounds not having been mentioned or argued in the brief of the defendant, they are considered as abandoned. The judge did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*