## 34187. KING *v.* THE STATE.

Decided September 16, 1952.

*H. Alonzo Woods,* for plaintiff in error.
*Darius N. Brown, Solicitor,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ Special ground 4 of the amended motion for a new trial contends that the trial court erred in failing to charge without request on the law of circumstantial evidence. The testimony of the State's witnesses, both as to the defendant's drunkenness and as to the speed and manner of his driving, was direct, not circumstantial evidence of these facts. Where circumstantial evidence alone is not relied upon, it is not error to fail to charge without request the principles of Code §§ 38-102 and 38-109 relating thereto. *Strickland* v. *State,* 167 *Ga.* 452 (1) (145 S. E. 879).

This special assignment of error also contends that the trial court erred in failing to charge the jury on the defense of misadventure and accident, which it is contended was raised by the defendant's statement. While this court is not in accord with this contention, that the statement of the defendant makes such a valid defense, in any event it is never error for the trial court to fail without request to charge a theory raised solely by the defendant's statement. *Goldberg* v. *State* 25 *Ga. App.* 197 (103 S. E. 90).

■ Special ground 5, contending that there was no evidence of drunkenness on the part of the defendant, is but an amplification of the general grounds. A witness for the State testified that the defendant was very drunk at the time they stopped his car. No objection was made to this testimony. Further,

such testimony is not a conclusion, but is competent evidence. *Donley* v. *State*, 72 *Ga. App.* 429 (33 S. E. 2d, 925), and cases there cited. There was ample evidence to sustain the conviction under both counts of the accusation.

*Judgment affirmed. Gardner, P.J., and Carlisle, J., concur.*