### 38492. ANDREWS v. THE STATE.

TOWNSEND, Judge. 1. "That a person was under the influence of intoxicating liquor at a certain time may be proved by indirect as well as by direct evidence; opinion evidence is material and has a direct probative value on the question of intoxication." *Jackson v. State*, 204 Ga. 47, 52 (48 S. E.2d 864). "Where the deputy sheriff, a witness who had an opportunity to observe and did observe the defendant, testified that the defendant was under the influence of intoxicating liquor, this was a statement of fact actually observed by the witness at the time as evidenced by the defendant's conduct and appearance. *Johnson v. State*, 69 Ga. App. 377 (25 S. E. 2d 584)." *Donley v. State*, 72 Ga. App. 429, 430 (33 S. E. 2d 925).

2. The testimony in this case is to the effect that the police chief of Tignall, Georgia, saw the defendant operating an automobile at a speed of 40 miles per hour in a 20 mile per hour zone on Wooten Street within the municipality; that he stopped the automobile; that the defendant "was too much under the influence of liquor to drive an automobile properly; he got out of the car but I didn't ask him to walk because I knew he was pretty well high . . . and when I stopped him I smelled he was drinking, and he looked like he was too drunk to be driving . . . And he admitted to me that day that he was drinking." The officer did not let the defendant drive the automobile away, but allowed a passenger in the car to drive, instructing him to drive down to the Wagon Wheel and he would be back in a little while.

Within a half hour to an hour he returned and arrested the defendant. The latter in his statement admitted that the officer on first stopping him accused him of drinking and that he answered, "If you think I been drinking, I'll let the other boy drive," and admitted that he had taken a drink before the arrest was made, but stated that he had not taken a drink until after the operation of the vehicle was turned over to the other occupant.

The evidence was sufficient to authorize the jury to find that the defendant was driving the automobile while under the influence of intoxicants, and that it was less safe for the defendant to operate the automobile in his condition than it would have been had he not been under the influence of intoxicants, as against a motion for new trial on the general grounds only.

The trial court did not err in denying the motion for new trial.

*Judgment affirmed.* *Gardner, P. J., Carlisle and Frankum, JJ., concur.*

DECIDED SEPTEMBER 22, 1960.

*Walton Hardin,* for plaintiff in error.
*J. Cecil Davis, Solicitor-General,* contra.