38575.   FOUNTAIN v. SMITH.

DECIDED FEBRUARY 27, 1961.

*Sharpe & Sharpe, T. Malone Sharpe, T. Ross Sharpe,* for plaintiff in error.

*J. C. Bivins, Gordon Knox, Jr., J. H. Highsmith,* contra.

FRANKUM, Judge. ■ Special grounds 6, 7, 8, 9, 10 and 11 of the motion for a new trial, as amended, assign as error the

admission of testimony of various officers relating to whether or not the defendant was under the influence of intoxicating liquor at or near the time of the collision. Before such evidence was admitted, a proper foundation had been laid showing facts by which the witnesses reached the opinion that the defendant was under the influence of intoxicating liquor. The witnesses then testified that the defendant had been drinking, or appeared to have been drinking.

This court has held that a witness may testify directly as to the fact of whether a person is intoxicated. The reason usually given is that the exact condition of an intoxicated person cannot be depicted to the jury precisely as it appeared to the witness. *Hinson v. State,* 88 Ga. App. 318 (77 S. E. 2d 63) ; *Grier v. State,* 72 Ga. App. 633 (34 S. E. 2d 642) ; *Donley v. State,* 72 Ga. App. 429 (33 S. E. 2d 925). Furthermore, in the instant case the record reveals that the witnesses did testify as to facts on which they based their opinion that the defendant was intoxicated, after showing an opportunity of observing him. *Code* § 38-1708; *Central Railroad v. Senn,* 73 Ga. 705. Such testimony is not expert opinion testimony, but testimony as to an ultimate fact. *Andrews v. State,* 102 Ga. App. 423 (116 S. E. 2d 345) ; *Hill v. Rosser,* 102 Ga. App. 776 (117 S. E. 2d 889). These special grounds are without merit. Under the above ruling the charge assigned as error in special ground 12 was applicable and not erroneous. "In the absence of a timely written request, the mere fact that opinion evidence was introduced does not require an instruction as to the weight of such evidence." *Fort v. State,* 31 Ga. App. 525 (1) (121 S. E. 128) ; *Davis v. State,* 205 Ga. 248 (53 S. E. 2d 545). Ground 2 of the amended motion for a new trial is without merit.

■ Special grounds 1 and 5 assign as error certain testimony of the plaintiff which was admitted conditionally over the objection of the defendant. At the time the trial judge ruled that plaintiff's counsel could proceed further with questions to ascertain if the testimony was admissible, he stated, "If he [plaintiff's counsel] connects it, I will let it stay in, and if he does not, I will exclude it." No further motion to exclude the testimony appears in the record.

"Where the trial court admits conditionally, over objections,

evidence offered by the plaintiff, it is the duty of counsel objecting to the admission of such evidence to invoke a later and final ruling of the court; and the failure of the court to exclude the evidence admitted provisionally on its own motion, where the party making the objections does not renew them, does not constitute reversible error. *Thomas v. State,* 129 Ga. 419 (2) (59 S. E. 246); *Hailey v. McMullan,* 144 Ga. 147 (3) (86 S. E. 315); *Bryan v. Barnett,* 205 Ga. 94 (3) (52 S. E. 2d 613). Special grounds 1, 2, 3, and 4 complain that the court erred in admitting certain documentary evidence over stated objections of the defendants. These grounds show that in each instance the court admitted the evidence conditionally, and the record does not show that the defendants' counsel made any further motion to exclude the evidence, or that the court ever made any final ruling as to its admissibility. These grounds disclose no reversible error." *Milligan v. Milligan,* 209 Ga. 14, 15 (1) (70 S. E. 2d 459). *Connor v. Rainwater,* 200 Ga. 866 (2) (38 S. E. 2d 805); *Augusta Roofing &c. Works v. Clemmons,* 97 Ga. App. 576 (103 S. E. 2d 583). Special grounds 1 and 5 of the motion for a new trial are without merit.

■ The defendant complains that the court erred in refusing to charge a written request, viz., that the failure of the sheriff to have his automobile distinctly marked on each side and the back, as provided by *Code Ann.* § 68-1707, was negligence *per se.* It is contended that the defendant did not know who was pursuing him because such car was unmarked. There is no causal connection between the plaintiff's failure to have his automobile properly marked and the collision. See *Central of Georgia Ry. Co. v. Moore,* 149 Ga. 581 (101 S. E. 668); *Georgia Power Co. v. Jones,* 54 Ga. App. 578 (188 S. E. 566).

The record shows questions propounded to the defendant and his answers, as follows: "Q. Now, is it anything unusual for a car to come along behind you? Isn't that ordinary in traffic for cars to follow along behind you? Don't they follow along behind you for a period of many miles at times? A. Oh yes. There are a lot of cars that get in behind you and follow along. Q. And they do that over miles don't they? A. Sure they do. Q. But this particular car you decided you had better outrun it didn't you? A. Well, it did come on up to that, yes sir.

Q. I see. You decided that you had better outrun it. You didn't have any guilty conscience about anything did you? A. Well, I don't think I did, no sir. Q. There wasn't any reason for you to think you ought to have to outrun it, that anybody would be after you. You hadn't done anything had you? A. Well, I didn't think I had anyway. Q. That is right. You had no reason to think anybody was following you or trying to get you or bother you did you? A. I didn't think anybody had any reason to. Q. But suddenly you decided this car was after you and you were going to try to outrun it. That is right isn't it? A. Well, that is what it wound up being."

By the above testimony of the defendant, he negates any theory under which this charge might be applicable. The charge was not applicable and was properly refused.

■ "A charge should be given substantially in the language requested; nevertheless, if the charge on the subject requested is fully and fairly given, it is not error that the exact language of the request is not used." *Sims v. State*, 84 Ga. App. 753, 756 (67 S. E. 2d 254). *Southern Cotton Oil Co. v. Skipper*, 125 Ga. 368 (54 S. E. 110). Special grounds 14, 15, 16, 17, 19, 21, 22, 23, 24, 25 and 26 of the motion for a new trial are not meritorious.

■ The evidence supports the verdict, and the charge was full and fair. No error is shown by any of the special grounds of the motion for a new trial.

*Judgment affirmed. Townsend, P. J., Carlisle and Jordan, JJ., concur.*