39380. MEEKS v. LUNSFORD.

DECIDED MAY 30, 1962—REHEARING DENIED JUNE 14, 1962.

*Roberts & Thornton, Owen Roberts, Jr., Hatcher, Smith, Stubbs & Rothschild, Albert W. Stubbs,* for plaintiff in error.

*Kelly, Champion & Henson,* contra.

FRANKUM, Judge. ■ In the first special ground of his motion for a new trial, movant excepts to the refusal of the court to admit a document in evidence and assigns such ruling as error. The document is an emergency room record concerning the admission of the plaintiff for treatment at the medical center in Columbus after he was involved in the collision. The document was made by filling out a printed form. A line on the document sought to be admitted is as follows: *"Diagnosis [printed] Laceration rt eyelid, Multiple contusions & abrasions, Intoxication [hand written]."*

Movant insists that under the authority of the business interest statute (*Code Ann.* § 38-711), he should have been allowed to place the document in evidence for consideration by the jury as to whether the plaintiff was intoxicated at the time of the collision. The plaintiff objected to the admission of the document in evidence on the grounds that it was hearsay and did not come within any of the exceptions to the hearsay rule; that it contained matters of the opinion and conclusions of the writer which were not admissible; and that the writer was not present for cross-examination.

Both parties agree that the issue is whether the word "intoxication" in the document is a statement of fact or is a statement of an opinion or conclusion. It is well settled that diagnosis or opinions are not admissible under the so-called "shop book" rule. *Code Ann.* § 38-711. *Martin v. Baldwin,* 215 Ga. 293 (110 SE2d 344); *Knudsen v. Duffee-Freeman, Inc.,* 95 Ga. App. 872 (99 SE2d 370); *Yarbrough v. Cantex Mfg. Co.,* 97 Ga. App. 438 (103 SE2d 138); *Hawkins v. Jackson,* 97 Ga. App. 525 (3) (103 SE2d 634).

It is true that a witness may testify to the ultimate fact as to whether another person was intoxicated at a given time and place (*Grier v. State,* 72 Ga. App. 633 (1), 34 SE2d 642; *Johnson v. State,* 69 Ga. App. 377 (1), 25 SE2d 584; *King v. State,* 86 Ga. App. 786, 72 SE2d 502), but this may be done *only* after a proper foundation has been laid to show the basis for such

testimony (*Andrews v. State,* 102 Ga. App. 423, 116 SE2d 345; *Donley v. State,* 72 Ga. App. 429, 33 SE2d 925; *Grier v. State,* 72 Ga. App. 633 (2), supra; *Joiner v. State,* 51 Ga. App. 463, 180 SE 911; *Cavender v. State,* 46 Ga. App. 782, 169 SE 253; *Spence v. State,* 83 Ga. App. 588, 63 SE2d 910; *Fowler v. State,* 82 Ga. App. 197, 60 SE2d 473; *Code* § 38-1708), and in this sense, it is opinion testimony, although not expert opinion testimony. See Green, Georgia Law of Evidence, § 110-112. See also *Pierce v. State,* 53 Ga. 365. Such foundation may be laid by showing that the witness had an opportunity to observe and did observe the person alleged to have been intoxicated. "The reason usually given [that a witness may testify directly as to whether a person is intoxicated] is that the exact condition of an intoxicated person cannot be depicted to the jury precisely as it appeared to the witness." *Fountain v. Smith,* 103 Ga. App. 192, 195 (118 SE2d 852). See *Donley v. State,* 72 Ga. App. 429, supra; *Grier v. State,* 72 Ga. App. 633, supra.

It is obvious that the law contemplates that a witness should testify to facts showing a proper foundation before his testimony relating to the intoxication of another person is admissible and that he be present and subject to cross-examination. *Code Ann.* § 38-711 did not abrogate the right of a party to cross-examine a witness called against him (*Code* § 38-1705). See *Knudsen v. Duffee-Freeman, Inc.,* 95 Ga. App. 872, supra. We have reached the conclusion that this type of statement sought by the movant to be admitted in evidence falls within the classification of opinion testimony to the same extent as expert testimony relating to a diagnosis. As stated in *Martin v. Baldwin,* 215 Ga. 293, 301, supra: "A fact can be testified to by any witness, but opinions can be given only by experts or by nonexperts under prescribed conditions. It is unthinkable that an opinion entered in a hospital record or other record would be admissible in evidence when that same opinion could not be given on the witness stand unless and until the witness qualified as an expert." The prescribed conditions were not met in the instant case, and the court did not err in excluding the document from evidence.

■ In the second special ground of his motion for a new trial,

movant contends that the court erred in charging the jury as follows regarding one of the municipal ordinances: "I charge you that it is a valid city ordinance of the city of Columbus as follows: 'Changing direction or speed—Left turn at intersection, method. A driver of a vehicle turning to the left into an intersecting street shall: (1) Keep close to the center line of the street on which he is proceeding before making a turn; (2) Pass beyond the central point of the intersection of the two streets; and (3) Yield the right of way to oncoming vehicles the path of which he must cross in order to make a left turn.' " The basis of the movant's contention is that the ordinance is in conflict with a State statute on the same subject matter (see *Code Ann.* § 68-1651), citing *Jenkins v. Jones,* 209 Ga. 758 (75 SE2d 815); *Lanford v. Alfriend,* 147 Ga. 799 (1) (95 SE 688); *Snipe v. Dixon,* 147 Ga. 285 (93 SE 399); *Mayo v. Williams,* 146 Ga. 650 (92 SE 59). It is well settled that a municipal ordinance which is in conflict with a State statute is not valid (*Mayor &c. of Savannah v. Hussey,* 21 Ga. 80, 68 AD 452; *Jenkins v. Mayor &c. of Thomasville,* 35 Ga. 145; *Strauss v. Mayor &c. of Waycross,* 97 Ga. 475, 25 SE 329; *Moran v. City of Atlanta,* 102 Ga. 840, 30 SE 298; *Callaway v. Mims,* 5 Ga. App. 9, 62 SE 654), but this principle of law is founded upon a constitutional provision that: "Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law." Art. I, Sec. IV, Par. I, of the Constitution of the State of Georgia (*Code* § 2-401). And we think this is the clear import of *Giles v. Gibson,* 208 Ga. 850 (69 SE2d 774). While the Court of Appeals has jurisdiction to determine the constitutionality of a municipal ordinance (*Shirley v. City of College Park,* 215 Ga. 798, 113 SE2d 457; *Beard v. City of Atlanta,* 211 Ga. 25, 83 SE2d 594; *Shipman v. Johnson,* 210 Ga. 174, 78 SE2d 515), in the instant case movant has, in effect, attempted to attack the constitutionality of the municipal ordinance by his motion for a new trial. This he cannot do, even if we should consider the substance of his motion as properly invoking the constitutional question in so far as it technically points out the municipal ordinance

claimed to be invalid, the State statute with which the ordinance conflicts, and the constitutional provision alleged to have been violated. This is true because the attack was not timely.

A litigant who knows that a municipal ordinance is directly involved and forms a basis of the litigation cannot be permitted to wait until after the trial has ended to bring in question its constitutionality, which he must necessarily have known would govern the court in its instructions to the jury. The rule would be different if the litigant could not know or could not reasonably anticipate that the substance of the ordinance would be given in charge to the jury. *Boyers v. State*, 198 Ga. 838, 843 (33 SE2d 251). To the same effect see *Loomis v. State*, 203 Ga. 394 (47 SE2d 58); *Savannah Elec. Co. v. Thomas*, 154 Ga. 258 (2) (113 SE 806).

In this case the municipal ordinance was pleaded by the plaintiff as a basis for recovery, and a copy of its was placed in evidence without objection by the defendant. The movant had notice that the municipal ordinance was injected into the case and that the court would likely charge the provisions thereof. It is too late for movant now to attack the provisions of the ordinance as being in conflict with a State statute, when he failed to raise the question during the progress of the trial. In a sense, the movant elected to gamble upon a favorable verdict of the jury and lost. The court did not err in overruling this special ground.

■ In the fourth special ground of his motion, movant contends that the court erred in admitting in evidence the opinion testimony of a physician in response to a question propounded by plaintiff's counsel: "Q. What is your best opinion insofar as to whether or not the arthritic condition was aggravated or not by the collision or the trauma received in the collision? A. From the history and by findings the first time I saw this patient I would say his condition is aggravated; that is, if his—according to what he tells me before this thing happened."

Movant objected to the testimony on the ground that the witness's opinion was based upon hearsay, viz., what the patient (plaintiff) told him about his condition. Assuming for the purpose of argument that such evidence was inadmissible (see Green,

Georgia Law of Evidence, §§ 310-311, supra; cf. *East Tenn. V. &c. R. Co. v. Smith,* 94 Ga. 580, 20 SE 127; and *Moore v. Atlanta Transit System,* 105 Ga. App. 70, 123 SE2d 693, with *Atlanta, Knoxville &c. R. Co. v. Gardner,* 122 Ga. 82, 49 SE 818; *Atlanta Street R. Co. v. Walker,* 93 Ga. 462, 21 SE 48; and *Broyles v. Prisock,* 97 Ga. 643, 25 SE 389; but see *Williams Bros. Grocery Co. v. Blanton,* 105 Ga. 314, 124 SE2d 479), the evidence was harmless because there was other similar evidence admitted without objection to prove facts sought to be excluded. See *Atlanta Laundries v. Goldberg,* 71 Ga. App. 130 (5) (30 SE2d 349); *City of Atlanta v. Carroll,* 194 Ga. 172 (4) (21 SE2d 86); *Emory University v. Shadburn,* 47 Ga. App. 643 (171 SE 192); *Lovett v. State,* 60 Ga. 257 (4). Under the circumstances in this case, we are of the opinion that the admission of this evidence had no effect upon the jury. See *Waits v. Hardy,* 214 Ga. 495 (105 SE2d 719). This ground shows no reversible error.

■ "The right of cross-examination, thorough and sifting, shall belong to every party as to the witnesses called against him." *Code* § 38-1705. Such right is important to every litigant. See *McCleskey v. Leadbetter,* 1 Ga. 551, 555. The extent of cross-examination of a witness is, to a certain extent, within the control and discretion of the trial judge. *News Publishing Co. v. Butler,* 95 Ga. 559 (2) (22 SE 282); *Harris v. Central R.,* 78 Ga. 525 (3 SE 355). The fifth special ground of the motion for a new trial is without merit.

■ The third special ground of the motion for a new trial is without merit. The defendant neither insists nor argues the general grounds of the motion, and therefore, we will not pass upon them.

*Judgment affirmed. Nichols, P. J., and Jordan, J., concur.*