40980. GENERAL GAS CORPORATION v. WHITNER.

HALL, Judge. In this negligence action arising out of an intersection collision of automobiles, the defendant assigns error on the overruling of its motion for new trial. *Held:*

1. There was evidence to support the verdict, and the trial court

did not err in overruling the general grounds of the motion for new trial. *Medlin v. Bickford,* 106 Ga. App. 859, 861 (128 SE2d 531).

2. The trial court did not err in overruling special ground 4 complaining of the court's refusal to charge a written request in its exact language and in substance. The request submitted by the defendant was not perfect; hence the court's refusal to charge was not error. *Downs v. Powell,* 215 Ga. 62, 65 (108 SE2d 715).

3. The trial court did not err in overruling ground 5, complaining of the court's refusal to charge a written request on the weight of opinion evidence. Substantially the same request to charge was held to be incomplete and imperfect in *Cates v. Harris,* 217 Ga. 801, 803 (125 SE2d 649).

4. The trial court did not err in overruling grounds 6, 7 and 8 complaining of the admission of the testimony of three physicians in response to the question whether they observed anything about the plaintiff that would indicate he was a malingerer, over the objection that such testimony would be a conclusion of the witness and invade the province of the jury. *Georgia R. &c. Co. v. Howell,* 28 Ga. App. 798, 803 (113 SE 101); *Tifton Brick &c. Co. v. Meadow,* 92 Ga. App. 328, 333 (88 SE2d 569); 32 CJS 380, § 546 (99); 20 Am. Jur. 735, § 873.

5. The trial court did not err in overruling ground 9, complaining of the admission in evidence of certain opinion testimony of a physician, because on cross examination of this witness the defendant elicited testimony to the same effect as that complained of. *Chandler v. Alabama Power Co.,* 104 Ga. App. 521, 525 (124 SE2d 317), reversed on other grounds 217 Ga. 550 (123 SE2d 767).

6. Ground 10 complains of the court's instruction explaining that the jury might use certain mortality tables if they found that the plaintiff's injuries were permanent. The defendant contends that this instruction assumed the existence of a fact—that the plaintiff was injured—which was for determination by the jury. While the trial judge in this excerpt did use the words "his [the plaintiff's] injuries," we are certain that he did not intend to convey, and the jury would not reasonably have derived the meaning that the evidence had proved that the plaintiff was in fact injured, which was a controverted issue in the case. The court obviously under-

took to inform the jury that they might consider the mortality tables if they found that the plaintiff had been injured and that he had some permanent injury. Viewing this excerpt as a whole in context with the rest of the charge, which informed the jury that the issue whether the plaintiff suffered injuries was for their determination, it was not error. *Homasote Co. v. Stanley,* 104 Ga. App. 636, 638 (122 SE2d 523); *Atlanta Metallic Casket Co. v. Hollingsworth,* 104 Ga. App. 154, 164 (121 SE2d 388).

7. Ground 11 complains of the admission of testimony of the plaintiff's wife that the plaintiff "was still in shock" when he arrived at home following the collision, over objection that it was a medical conclusion which the witness was not qualified to give. In connection with this statement the witness described the plaintiff's appearance and symptoms. The trial court did not err in overruling this ground. *Walker v. State,* 74 Ga. App. 305, 309 (39 SE2d 716); *Northwestern University v. Crisp,* 211 Ga. 636, 644 (88 SE2d 26). Accord *Hammond v. State,* 212 Ga. 186 (91 SE2d 615); *Harris v. State,* 74 Ga. App. 614, 616 (40 SE2d 664); *Scoggins v. State,* 98 Ga. App. 360, 363 (106 SE2d 39); *Fountain v. Smith,* 103 Ga. App. 192 (118 SE2d 852); *Davis v. Cobb County,* 106 Ga. App. 336, 337 (126 SE2d 710); 32 CJS 158, § 546 (23); 20 Am. Jur. 719, § 859.

8. The trial court did not err in overruling ground 12, complaining of the court's instruction to the jury "that it is not necessary for the plaintiff, Mr. Whitner, to prove all of the acts of negligence set out and charged against the driver of the defendant's truck in this case, but it is absolutely essential and necessary that he prove sufficient acts of negligence as set out and charged in his petition to constitute the proximate cause of the collision and his injury or damages, if any." The defendant contends that this charge "was a statement by the court that the acts which were alleged in plaintiff's petition to have constituted negligence as a matter of fact on the part of the movant did in fact constitute negligence as a matter of fact." A similar objection to a similar charge was considered in *Dowis v. McCurdy,* 109 Ga. App. 488, 491 (136 SE2d 389), where it was held that the imperfect language of the charge was not misleading to the jury and, if error, not harmful. The law being that the jury must determine, first, whether the alleged act was in fact

committed and, second, whether the act or omission alleged as common law negligence was in the circumstances a failure to exercise ordinary care, or other degree of care imposed by law upon the party charged with negligence, the question of reversible error in language such as that complained of in this case is a close one, as evidenced by the differing opinions expressed in *Dowis v. McCurdy*, 109 Ga. App. 488, supra, and the actions by the Georgia Supreme Court on the petition for certiorari in that case (220 Ga. 415, 139 SE2d 294): On October 8, 1964 the Supreme Court reversed the decision of the Court of Appeals; on November 10, 1964, on motion for rehearing it dismissed the petition for certiorari; and on November 19, 1964, it denied a motion for rehearing, with the effect of vacating the previous order reversing the Court of Appeals decision.

*Judgment affirmed. Nichols, P. J., and Russell, J., concur.*

DECIDED JANUARY 6, 1965.

*Matthews, Maddox, Walton & Smith, Oscar M. Smith*, for plaintiff in error.

*J. R. Cullens, Ben Lancaster*, contra.