57475. GILBERT v. THE STATE.

SHULMAN, Judge.

Appellant was indicted for homicide by vehicle in the first degree, pled nolo contendere to the indictment, and was sentenced to four years on probation in May of 1977. In October, 1978, appellant was brought before the Superior Court of Butts County on a charge of operating a motor vehicle under the influence of alcohol. Upon the court's determination that appellant had violated his probation, the trial court ordered the revocation of appellant's probated sentence. On appeal, we affirm.

1. Appellant contends that the court abused its discretion in basing its determination of petitioner's guilt

on "slight evidence," which appellant contends is not the proper standard of proof for a trial court to apply at a probationary hearing. Concomitantly, he complains that the evidence was insufficient to support the court's verdict. We disagree.

"This court has repeatedly held that the trial judge is not bound by the same rules of evidence as a jury in passing on the guilt or innocence of the accused in the first instance. The judge is the trier of facts. He has a very wide discretion. [Cit.] Only 'slight evidence' is required to authorize revocation, and where there is any evidence supporting the offense charged as a violation of the probation, an appellate court will not interfere with a revocation unless there has been a manifest abuse of discretion. [Cit.]" *Clay v. State,* 143 Ga. App. 361 (238 SE2d 724).

2. At the hearing, the arresting officer testified that in his opinion, based upon his personal experience as a police officer, he believed defendant to have been driving while intoxicated. Appellant's contention to the contrary notwithstanding, there is no basis for presuming that the officer's opinion was based on inadmissible evidence.

As there was competent evidence to the effect that petitioner had operated a motor vehicle under the influence of alcohol (see, e.g., *Donley v. State,* 72 Ga. App. 429 (33 SE2d 925); *Grier v. State,* 72 Ga. App. 633 (2) (34 SE2d 642); *Harris v. State,* 97 Ga. App. 495 (3) (103 SE2d 443); *Andrews v. State,* 102 Ga. App. 423 (1) (116 SE2d 345)), the trial court was authorized to revoke defendant's probation.

3. Assuming, without deciding, that the court improperly admitted hearsay testimony into evidence, the error, if any, was harmless, as there was sufficient evidence to authorize the court's determination irrespective of the admission of the testimony in question. See *Clay,* supra.

*Judgment affirmed. Deen, C. J., and McMurray, P. J., concur.*

Submitted March 8, 1979 — Decided June 19, 1979.

*Alfred D. Fears, William P. Bartles,* for appellant.
*E. Byron Smith, District Attorney, Kenneth R. Waldrep, Assistant District Attorney,* for appellee.