*tant District Attorney*, for appellee.

### A89A0135. MILLWOOD v. THE STATE.
### A89A0136. LANDERS v. THE STATE.
(382 SE2d 430)

Pope, Judge.

Appellants Millwood and Landers were tried jointly for the offense of burglary. Each was convicted and now appeals. The evidence at trial authorized the jury to find that appellants were passengers in a car stopped by the Locust Grove police for a suspected DUI violation between midnight and 12:15 a.m. the morning of August 22, 1987. The driver of the car was placed under arrest for DUI and the car was impounded. Neither of the appellants was charged and the arresting officer offered to call someone to come pick them up. They declined the offer and set out on foot on the road to Jackson. Appellant Millwood was dressed in jogging shorts and a T-shirt. Appellant Landers wore jogging shorts with no shirt.

At approximately 1:00 a.m. the same morning, police answered a trouble call at the residence of Twain Zachary. Zachary's cousins and great-aunt lived next door and had noticed some men leaving Zachary's residence with what appeared to be his stereo equipment. The men were described by one of the cousins as having dark hair, wearing shorts and flip-flops, and as they ran from the scene, the boy threw apples at them. Police found Zachary's stereo equipment in the ditch across the road. Two days later, the cousins found a wallet containing documents, including a birth certificate, in the name of Randall D. Millwood, a boot, a pair of flip-flops and a can of snuff in the ditch near where police had recovered the stereo equipment. That same day, the great-aunt and one of the cousins saw two men in a pick-up truck, and the men went into the ditch where the items were found. The cousin identified the men as the ones he saw the night of the burglary. He also identified Landers as the man he saw coming out of the ditch. They reported this to police, who posted a lookout for the truck. Later that day, police stopped a truck fitting the description and arrested Millwood, who made a statement and implicated Landers.

### I. Case No. A89A0135

1. The evidence was sufficient to enable a rational trier of fact to find appellant guilty of burglary beyond a reasonable doubt. *Adams v. State*, 255 Ga. 356, 356-357 (338 SE2d 860) (1986).

2. Appellant argues that the trial court erred in failing to grant a

mistrial. Appellant's counsel objected to that portion of the prosecutor's opening statement in which he told the jury that he did not know if there would be any explanation from appellant for his wallet being found in the ditch, that appellant did not have to testify and that he could just sit and look at the jury if he wished. The trial court offered to give curative instructions, but this offer was declined and no new motion was made. Appellant later testified in his own behalf. Appellant argues that this is irrelevant in that the State should not be permitted to dictate trial tactics to the defense.

In *Ranger v. State*, 249 Ga. 315 (3) (290 SE2d 63) (1982), the Supreme Court adopted a two-prong test to determine if a prosecutor's remarks warrant reversal: (1) either the prosecutor's manifest intent was to comment upon the defendant's failure to testify or (2) the remark was such that the jury would naturally and necessarily take it as comment on the defendant's failure to testify. The record shows that at the time the motion for mistrial was made outside the presence of the jury, the prosecutor stated that his intent was to convey to the jurors that the State had the burden to prove its case beyond a reasonable doubt no matter how the defense chose to conduct the trial. In denying the motion, the trial court said that the prosecutor's remark had not registered with him and that he doubted it made an impression on the jury either.

We find no "manifest intent" by the prosecutor to comment on the defendant's failure to testify. Nor do we find that the comment would naturally and necessarily prejudice the jury. Prosecutors should avoid such comments, however, especially in opening statements. While explaining that the State has the burden of proof no matter what the defense does is an admirable goal, prosecutors can and should find ways to express the concept that avoid references to the defendant's right to testify or not. In the context of this trial, where the trial court felt the comments had such a slight effect on the jury, and where curative instructions were offered but declined by the defense, we find no harmful error.

3. We have reviewed the trial court's ruling allowing defendant's confession to be read into evidence and find no error.

4. The trial court did not err in charging the jury on flight. *Mincey v. State*, 257 Ga. 500 (12) (360 SE2d 578) (1987).

## II. Case No. A89A0136

5. We find that the evidence adduced at trial, though in conflict, was sufficient to enable a rational trier of fact to find Landers guilty of the offense charged beyond a reasonable doubt. *Adams v. State*, 255 Ga. 356, 356-357 (338 SE2d 860) (1986).

6. Landers' second enumeration of error is without merit. See Di-

vision 2 above.

7. The admission into evidence of appellant Millwood's statement was not error because Millwood testified and was available for cross-examination. *Akins v. State*, 173 Ga. App. 797 (2) (328 SE2d 413) (1985).

8. The court did not err in charging on flight. See Division 4 above.

*Judgments affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED MAY 24, 1989.

*James P. Brown, Jr.*, for appellant (case no. A89A0135).
*Wade M. Crumbley*, for appellant (case no. A89A0136).
*E. Byron Smith, District Attorney, Thomas R. McBerry, Assistant District Attorney*, for appellee.