## A89A1426. SIMPSON v. THE STATE.
### (388 SE2d 39)

BIRDSONG, Judge.

Lamar Simpson appeals his conviction for armed robbery. He contends on appeal that the in-court identification of him by a witness was "based on impermissibly suggestive procedures that led to the misidentification of Lamar Simpson"; and that the evidence was insufficient to support the verdict of guilty beyond a reasonable doubt. *Held*:

1. The basis of appellant's contention as to "impermissibly suggestive" procedures that led to misidentification by witnesses in court, is that the photograph of Simpson shown to two witnesses in a photo lineup was, because of its unusual lightness of exposure, mark-

edly distinguishable from the other photos presented.

We find no merit in these contentions. Appellant has not suggested that there was any actual physical misrepresentational prejudice against him in the fact that his photograph exposed lighter than the others. That is, for example, there is no suggestion on appeal that the description given of the robber was that of a light-skinned person whereas appellant was a darker-skinned person, with a result that a photograph misrepresenting appellant as light-skinned would actually tend to mislead the witness, and "impermissibly suggest" appellant was the robber because his photograph showed a light complexion.

No such *misleading suggestibility* is proposed here; appellant contends only that because his photo was different from the others shown, it "stood out" and impermissibly suggested he was the robber or that his photo should be chosen. We find no logic in this proposal, and it would be sheer speculation, and dangerous, to agree that the mere fact that a photo is in some depictive way different from the others automatically gives rise to a claim for impermissible suggestiveness. The point of the line-up, in fact, is that hopefully all such photos will be somewhat different; some will be taken with different cameras under differing circumstances. Therefore, "[t]he variance in size and texture in the pictures used does not render the procedure impermissibly suggestive. [Cits.]" *Graham v. State*, 171 Ga. App. 242, 253 (319 SE2d 484).

We conclude there is no basis for appellant's contentions that the in-court identifications of him were tainted by the "impermissibly suggestive" fact that his photograph exposure was lighter than the others shown. See generally *Sparks v. State*, 185 Ga. App. 225, 226 (2) (363 SE2d 631).

2. The evidence in court showed that as he was being robbed, and before, the store employee witness viewed appellant under bright-light conditions for some five minutes at close range, across the counter. He observed a gap in the robber's teeth; appellant has a gap in his teeth, but also has a broken tooth which apparently the witness did not notice. The height of the robber described by the employee was generally consistent with that of appellant; if his weight varied in any degree from what the witness described, this element addresses the witness' credibility or the jury's estimation of his powers of observation and calculation. The weight and credibility of witnesses are questions for the triers of fact; that some evidence offered by a witness seems contradictory to his own or to some other's, or incomplete or uncertain, does not automatically discredit the evidence given by that witness, or others, for it is the function of the triers of fact to determine to what evidence it gives credence. See *Chappel v. State*, 183 Ga. App. 706, 707 (359 SE2d 686). It is not for us to determine or

question how the jury resolved any apparent conflicts or uncertainties in the evidence. (See *Devane v. State*, 183 Ga. App. 60, 61 (357 SE2d 819). Rather, on appeal, we indulge every contingency in favor of the verdict. *Drake v. State*, 241 Ga. 583, 585 (247 SE2d 57).

In addition to the identification of appellant as the robber, there was particular evidence placing appellant at the scene at or about the time of the robbery. A suspicious neighbor wrote down the vehicle license tag of a "foreign" car which let out a man at the store; the neighbor thereafter saw a man similar in height run to another car and leave. The tag number of the "foreign" car was traced to its owner, who admitted that the man he had let out of his car was appellant Lamar Simpson.

All of the evidence in this case was sufficient to enable a rational trier of fact to find proof of guilt beyond a reasonable doubt, under the standard laid down in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

We find no merit in this appeal.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 8, 1989.

*James A. Yancey, Jr.*, for appellant.

*Harry D. Dixon, Jr., District Attorney, Richard E. Currie, Assistant District Attorney*, for appellee.