## A90A0725. PORTER v. THE STATE.
(393 SE2d 513)

DEEN, Presiding Judge.

Appellant Porter and a friend had consumed four or more beers apiece during the three-hour period prior to encountering a roadblock on a middle-Georgia highway, where law enforcement officers were conducting a routine check of drivers' licenses and automobile insurance. As appellant handed over his license and proof of insurance, the officer checking his van observed that appellant's eyes were glassy and that he emitted an odor of alcohol. He requested that appellant leave the automobile and then administered two field sobriety tests: the "pen" test and an "alcosensor" test. When appellant's performance on the tests indicated that he was intoxicated, the officer asked him to walk over to the patrol car, where he read him his rights and placed him under arrest. Appellant asked that his wallet be retrieved from the dashboard of his van, but the officer refused permission, telling him that he would not need it. Appellant's companion subsequently used some of the money in appellant's wallet to pay the driver of the truck that towed the van.

Appellant requested that he be given a blood test, pursuant to OCGA § 40-60-392, and was taken to the local hospital for blood to be drawn; in the meantime, he had again unsuccessfully asked that his wallet be returned. Because the hospital required cash in advance for blood tests, appellant, whose money was all in his wallet rather than in his pockets, was unable to obtain the requested test.

At trial the court granted appellant's motion to suppress the results of the intoximeter test because of the *de facto* denial of his right to have an additional test of his own choosing. The trial court nevertheless found appellant guilty of driving under the influence, basing the latter ruling on circumstantial evidence of intoxication, as attested by the arresting officer. On appeal Porter enumerates as error (1) the lack of evidence of "less safe" driving capacity to support the "guilty" ruling and (2) the trial court's failure to dismiss the entire case, rather than merely granting the motion to suppress, because of the State's depriving him of the means of obtaining a blood test. *Held:*

1. Appellant's first enumeration of error is without merit. It is

well settled that circumstantial evidence may be used to prove driving an automobile while under the influence of alcohol. *Jones v. State*, 187 Ga. App. 132 (369 SE2d 509) (1988); *Carr v. State*, 169 Ga. App. 679 (314 SE2d 694) (1984). As this court held in *Jones*, supra at 133: "Though the officer did not actually see [appellant's] car move, he observed circumstances from which [the factfinder] could infer both that [appellant] was in actual physical control of the car while it was moving to the location at which the officer found it and that [appellant] was intoxicated during that movement." Thus there was sufficient competent evidence to authorize the reasonable trier of fact to find appellant guilty beyond a reasonable doubt of driving under the influence of alcohol. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Under the facts recited in Division 1, supra, and under the *Jackson v. Virginia* standard enunciated therein, we find that the trial court did not err in finding appellant guilty as charged, despite the absence of the evidence properly excluded by the granting of the motion to suppress. This enumeration is also without merit.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED APRIL 16, 1990.

*W. Ashley Hawkins*, for appellant.
*Tommy K. Floyd, District Attorney, Gregory A. Futch, Assistant District Attorney*, for appellee.