A91A0900. NGUYEN v. THE STATE.
(410 SE2d 340)

COOPER, Judge.

Defendant and two co-defendants were indicted for the offenses of armed robbery (Count I), theft by taking (Count II) and simple battery (Count III). One of the co-defendants entered a guilty plea to the charge of robbery, and the charges were dropped against the second co-defendant. Defendant was convicted by a jury on Counts I and II, and he appeals from the denial of his motion for new trial.

Defendant's sole enumeration of error is that the verdict was contrary to the evidence. Viewed in a light most favorable to the verdict, the evidence reveals that one evening, defendant and two other men went to a restaurant owned by Mr. and Mrs. Kao and ordered food. When the three men finished eating they took out guns and ordered everyone in the restaurant into a walk-in cooler located in the restaurant's kitchen. The men then took money from the cash register, as well as from the customers and employees of the restaurant, and they also took a van belonging to Mr. Kao. Mr. and Mrs. Kao identified defendant in a pretrial photographic lineup and at trial as being one of the perpetrators of the robbery. One of the co-defendants testified

at trial that he went to the restaurant with defendant and the second co-defendant and that the three of them robbed the restaurant.

Defendant contends that the verdict was contrary to the evidence arguing that only two of the 11 persons in the restaurant were able to identify him; that the testimony of the co-defendant was tainted because he had not yet been sentenced on his guilty plea; and that the testimony from the two eyewitnesses was problematic in that Mr. Kao had been working long hours and was tired, and Mrs. Kao was vague as to the details about what she saw. "The weight and credibility of witnesses are questions for the triers of fact; that some evidence offered by a witness seems contradictory to his own or to some other's, or incomplete or uncertain, does not automatically discredit the evidence given by that witness . . . for it is the function of the triers of fact to determine to what evidence it gives credence. [Cit.] It is not for us to determine or question how the jury resolved any apparent conflicts or uncertainties in the evidence. [Cit.] Rather, on appeal, we indulge every contingency in favor of the verdict. [Cit.]" *Simpson v. State*, 193 Ga. App. 439, 440 (2) (388 SE2d 39) (1989).

The evidence was sufficient to enable a rational trier of fact to find defendant guilty beyond a reasonable doubt of the offenses charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Birdsong, P. J., and Pope, J. concur.*

DECIDED SEPTEMBER 6, 1991.

*Glover & Davis, R. Keith Prater*, for appellant.
*William G. Hamrick, Jr., District Attorney, Agnes T. McCabe, Assistant District Attorney*, for appellee.