A92A1377. HICKSON v. THE STATE.
(424 SE2d 68)

POPE, Judge.

Appellant/defendant John Wesley Hickson appeals his convictions for armed robbery and possession of a firearm during the commission of a crime.

1. We reject defendant's contention that the evidence was legally insufficient to support his conviction. Viewed in the light most favorable to the verdict, the evidence reveals that on July 17, 1991 at approximately 11:30 p.m., an employee of a Subway Sandwich Shop observed a late model Thunderbird driving by very slowly and later stopping at the restaurant. The employee observed the tag number of the vehicle and that the driver was wearing a cap. A few minutes later, after the employee left the counter area, defendant came into the restaurant, demanded that the employee give him the money from both the cash register and a cabinet area, shot past the employee's head, then fled. Although the employee did not see the vehicle the robber left in, two men who were across the street from the restaurant at the time of the robbery said they observed a tall man run from the restaurant and leave in a late model Thunderbird or Mercury. The employee reported the robbery to the police. When they arrived, she described the defendant as a tall black man who was wearing a cap, told the policeman she had seen him before, and gave

the officer the tag number of the Thunderbird she had observed shortly before the robbery. The next day the employee saw the car she had observed the night before and reported it to the police. She later picked defendant out of a photographic lineup.

Defendant contends the evidence was insufficient because the employee did not have adequate time to observe the defendant, as evidenced by certain inconsistencies in her statements. " 'The weight and credibility of witnesses are questions for the triers of fact; that some evidence offered by a witness seems contradictory to his own or to some other's, or incomplete or uncertain, does not automatically discredit the evidence given by that witness . . . for it is the function of the triers of fact to determine to what evidence it gives credence. (Cit.) It is not for us to determine or question how the jury resolved any apparent conflicts or uncertainties in the evidence. (Cit.) Rather, on appeal, we indulge every contingency in favor of the verdict. (Cit.)' *Simpson v. State*, 193 Ga. App. 439, 440 (2) (388 SE2d 39) (1989)." *Nguyen v. State*, 201 Ga. App. 132, 133 (410 SE2d 340) (1991). We hold the evidence was sufficient to enable a rational trier of fact to find defendant guilty beyond a reasonable doubt of the offenses charged.

2. After carefully reviewing the transcript of the trial and the transcript of the hearing on defendant's motion for new trial, we hold the trial court correctly concluded defendant's trial counsel was not ineffective.

3. Defendant argues he did not knowingly waive his *Miranda* rights because he was intoxicated at the time he signed the waiver form. The waiver of rights form given to defendant contained a list of drugs including alcohol, and requested the person signing the form to indicate if he had consumed any of those drugs within the past eight hours. Defendant checked the block that indicated he had consumed alcohol. In the following question, however, he denied being under the influence of any drug (including alcohol) at the time of signing the form. The officer who took defendant's statement testified that defendant did not appear to be under the influence of alcohol and did not smell of alcohol at the time he signed the form.

The trial court held defendant's statement to police was voluntary and submitted it to the jury. "Unless clearly erroneous, a trial court's findings as to factual determinations and credibility relating to the admissibility of a [statement by defendant] will be upheld on appeal. [Cits.]" *Crawford v. State*, 245 Ga. 89, 90-91 (263 SE2d 131) (1980). We hold, under the facts of this case, the trial court did not err in admitting defendant's statement. Furthermore, even if the admission of the statement had been error, it would be harmless error in this case since in defendant's statement he denied committing the offenses with which he was charged.

4. In his statement, the defendant described the offenses for which he was tried as not fitting his "M.O." Defendant argues that portion of the statement should have been excluded because it placed his character in issue. We agree with the trial court's assessment of the potential for harm caused by this statement. The term "M.O." has become a term that is not just used in the criminal context, but an expression used to describe normal behavior of a person. It is also likely, as the trial court noted, that some of the jurors would not associate any particular meaning with the term. Furthermore, if the admission of that statement could be considered error, it was at most harmless error since the prosecution agreed not to introduce evidence of defendant's prior convictions for armed robbery based on that statement, and in fact did not introduce evidence of defendant's prior convictions for armed robbery.

5. Defendant finally contends the trial court erred in charging the jury it "may take into consideration the fact he is interested in the result of the prosecution." That charge has been approved as a correct statement of law by our Supreme Court and does not constitute reversible error. *Johns v. State*, 239 Ga. 681, 684 (4) (238 SE2d 372) (1977).

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED OCTOBER 21, 1992.

*Charles R. Sheppard*, for appellant.
*Michael C. Eubanks, District Attorney, Richard E. Thomas, G. Barksdale Boyd, Assistant District Attorneys*, for appellee.