A93A1667. MILLS v. THE STATE.
(435 SE2d 736)

BLACKBURN, Judge.

The appellant, Jesse Mills, was convicted of burglary and sentenced to 20 years' imprisonment. His sole contention on appeal is that the trial court erred in admitting into evidence an inculpatory statement he made following his arrest.

Around midnight on June 5, 1992, Dovie Hass was awakened by a noise at her back screen door. After she looked out a window and saw Mills walk from her garage down her driveway, she called a neighbor and asked her to call the police. The police came to her house but found nothing. Shortly afterwards, however, Mills returned to the house and tried to enter the window to Hass's laundry room. Hass then unlocked her back door and fired a shot from her pistol, and Mills ran away. Hass called the police, and one of the officers dispatched in response to her call picked up Mills on a street that ran behind Hass's home. This officer transported Mills to Hass's house, and Hass positively identified him as the intruder.

Around 3:30 p.m. the following afternoon, Special Agent Charles Jackson of the Georgia Bureau of Investigation advised Mills of his *Miranda* rights and initiated an interrogation. About one hour later, Special Agent Don Davis completed the interview and obtained a statement from Mills in which he acknowledged trying to break into Hass's house in order to steal something to trade for liquor.

During a *Jackson-Denno* hearing, Agent Jackson testified that after he advised Mills of his rights, Mills agreed to discuss the matter of the burglary at the Hass residence but denied any responsibility. When Agent Davis took over the interview and confronted Mills with the physical findings at the scene, Mills gave the inculpatory statement. Both agents testified that Mills talked normally, did not appear to be under the influence of alcohol, and never asked that the interview be terminated. Agent Davis noted that at one point in time, Mills became uncomfortable sitting in the chair and got up to walk around the room for a minute, but then sat back down until the interview was completed. On cross-examination, Agent Davis acknowledged telling Mills that he would note Mills's claim of a drinking problem in his report and that possibly Mills could get some counsel-

ing for the problem.

Mills testified that he had not slept well in the holding cell the night before, and that he was suffering from a hangover during the interview. He admitted that he had been advised of and understood his rights, and that he had agreed to the interview without an attorney. However, he claimed that eventually he requested to end the interview because his back was hurting, but Agent Davis refused. He also stated that Agent Davis had assured him that the charge against him was only criminal trespass and that Mills would receive help for his alcohol problem if he admitted the crime, which had influenced his decision to give the statement.

On appeal, Mills contends that his inculpatory statement was involuntarily given, and that the trial court thus erred in admitting it into evidence. However, the evidence regarding the circumstances and voluntariness of Mills's statement was conflicting, and a trial court's findings as to factual determinations and credibility relating to the admissibility of a defendant's statement will be upheld on appeal unless they are clearly erroneous. *Hickson v. State*, 205 Ga. App. 874 (424 SE2d 68) (1992); *McDaniel v. State*, 204 Ga. App. 753 (1) (420 SE2d 636) (1992). Under the facts presented in the instant case, the trial court's findings were not clearly erroneous, and we thus find no error in the admission of Mills's statement.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED SEPTEMBER 9, 1993.

*Collier, Hunt & Gamble, Charles R. Hunt*, for appellant.
*Charles M. Ferguson, District Attorney*, for appellee.