## A95A0204. HOLCOMB v. THE STATE.
(458 SE2d 159)

McMurray, Presiding Judge.

Defendant was tried before a jury and found guilty of alternative counts of driving under the influence of alcohol. The counts were merged for sentencing, so that defendant was "[s]entenced on Count II only." His motion for new trial was denied and this appeal followed. *Held*:

1. In his seventh enumeration, defendant contends the trial court erred in denying his motion to suppress the results of the State-administered breath test. He argues the implied consent warning he received is deficient because it did not advise him that he had the right to an independent chemical test by a "qualified person of his own choosing." We agree.

The transcript of the hearing on defendant's motion to suppress shows that defendant stopped his automobile at a roadside check for driver's licenses and insurance papers. Officer J. W. Greer of the College Park police spoke with defendant and detected alcohol on his breath. When defendant exited his car, he was "unsteady on his feet, kind of like he was lost. His eyes were bloodshot." Defendant failed field sobriety tests for finger dexterity and balance. A preliminary breath test was positive for the presence of alcohol. Defendant was placed under arrest and read an implied consent warning that informed defendant, in part: "If you submit to testing and the results indicate a blood alcohol level of 0.10 grams or more, your driver's license may be suspended for a minimum period of one year. After submitting to the required testing you are entitled to an additional chemical test at your own expense. Will you submit to the State-administered chemical test of your breath under the Implied Consent Law?" Defendant was transported to the College Park police station, where he submitted to a breath test. After that test was given, defendant never asked for an additional test of his blood, breath, or urine. If defendant had requested an independent test, he would have had a "choice of Grady or South Fulton [hospitals]." Defendant testified that, while he was at the roadside, he twice demanded a blood test when Officer Greer asked him to take the preliminary breath test. However, he affirmed that he never demanded any additional testing after taking the State test at the police station.

"OCGA § 40-6-392 (a) (3) provides: 'The person tested may have a physician or a qualified technician, chemist, registered nurse, or

other qualified person *of his own choosing* administer a chemical test or tests in addition to any administered at the direction of a law enforcement officer.' (Emphasis supplied.) At the time of arrest, the officer must advise the arrested person of this right to have an independent test. OCGA § 40-6-392 (a) (4); *Perano v. State*, 250 Ga. 704, 708 (300 SE2d 668) (1983). 'Failure to give the advice renders the results . . . inadmissible in evidence. (Cits.)' *State v. Peters*, 211 Ga. App. 755, 756 (440 SE2d 515) (1994)." *State v. Causey*, 215 Ga. App. 85 (449 SE2d 639). In the case sub judice, since "the implied consent warning given to [defendant] failed to inform him he could have an additional test administered by a qualified person of his own choosing, the results of the [S]tate-administered breath test are inadmissible. See *Nelson v. State*, 135 Ga. App. 212 (217 SE2d 450) (1975)." *State v. Causey*, 215 Ga. App. 85, 86, supra. Accord *Moore v. State*, 217 Ga. App. 536 (1). The trial court erred in failing to suppress this inadmissible evidence. Exclusion of the results of this breath test means that there is no competent evidence that defendant operated a moving vehicle at a time when his blood alcohol level was 0.10 grams percent or greater, as alleged in Count II of the accusation. Consequently, the judgment of conviction and sentence for Count II, alleging a violation of OCGA § 40-6-391 (a) (4) must be reversed. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). This disposition renders defendant's sixth enumeration moot.

2. In his first enumeration, defendant contends the trial court erred in allowing Officer Greer to testify that defendant was a less safe driver. He argues this opinion testimony was without adequate foundation because it was "based solely upon the result of [an] alco-sensor test. . . ."

At trial, Officer Greer testified that defendant was given a roadside test with a hand-held alco-sensor device, and that the result "read positive" for the presence of alcohol. Over defendant's objection to "any interpretation . . . about what [that positive result] may have indicated," Officer Greer was permitted to testify as follows: "From my dealings in the past . . . it would lead me to believe that he was a less safe driver, but I'm not going to base my opinions on that one machine." Officer Greer explained that any opinion he formed about defendant's capabilities was made in conjunction with defendant's observed inability to perform the field sobriety finger dexterity test and balance test.

"A police officer may give opinion testimony as to the state of sobriety of a DUI suspect and whether [that person] was under the influence to the extent it made him less safe to drive. [Cits.]" *Lewis v. State*, 214 Ga. App. 830, 831 (1), 832 (449 SE2d 535). In the case sub judice, "[t]he foundation for [Officer Greer's] opinion was his experience dealing with and testing individuals who had consumed quanti-

ties of alcohol, as well as his observations of [defendant]. This evidence was admissible [over defendant's foundation objection]. See OCGA § 24-9-65; *Gilbert v. State*, 150 Ga. App. 339 (258 SE2d 27) (1979); *Grier v. State*, 72 Ga. App. 633 (34 SE2d 642) (1945)." *Clapsaddle v. State*, 208 Ga. App. 840, 842 (2) (432 SE2d 262).

3. The trial court erroneously charged the substance of OCGA § 40-6-392 (b) on the conclusions that may be drawn according to various blood alcohol levels by using the prohibited term "presumption." See *Lattarulo v. State*, 261 Ga. 124 (1) (401 SE2d 516); *Ellerbee v. State*, 215 Ga. App. 102, 104 (5) (449 SE2d 874). When this error was brought to the attention of the court, the jury was brought back and informed by the court that the court "was wrong in charging on presumption. It has to be an inference." The trial court amended its charge by substituting the term inference for presumption, i.e., if defendant had an "alcohol concentration of .08 grams or more it *shall be inferred* that the person was under the influence of alcohol. However, whether or not you make such an inference is for you to decide." (Emphasis supplied.) Defendant renewed his motion for mistrial, arguing "the damage cannot be undone. . . ." In his eleventh enumeration, defendant contends the trial court erred in denying his motions for mistrial and new trial, arguing the initial error in the charge "must have left the jury in a confused condition of mind. . . ." We agree that a new trial must be held on Count I of the accusation.

" 'Having given the erroneous instruction, it could only be corrected by the judge expressly withdrawing it and instructing the jury to disregard it. [Where] this [is] not done, harmful error [results] therefrom.' *Salisbury v. State*, 221 Ga. 718 (2)[, 719] (146 SE2d 776) (1966); [Cits.]" *Murray v. State*, 254 Ga. 351, 352 (2), 353 (329 SE2d 485). In the case sub judice, the attempted correction using "shall be inferred" in lieu of "presumed" was itself burden shifting and therefore erroneous. It " 'is just as mandatory as an instruction that "the law presumes fact x from fact y." In either event, the jury is told that a finding of fact . . . legally follows from proof of (another) fact. . . .' (Emphasis omitted.) *Isaacs v. State*, 259 Ga. 717, 734 (35b), 735 [(386 SE2d 316)]." *Ellerbee v. State*, 215 Ga. App. 102, 105, supra.

We cannot say this erroneous instruction was harmless. The State is not required to prove a defendant's alcohol concentration to establish that he was a less safe driver under OCGA § 40-6-391 (a) (1). See *Gilbert v. State*, 262 Ga. 840, 841 (2) (426 SE2d 155). That inference is, however, permissible under OCGA § 40-6-392 (b) and is precisely what the State wished the jury to believe in this case. Since we have already held in Division 1 that the results of the State-administered breath test are not admissible, any instruction — even a correct instruction — on the substance of OCGA § 40-6-392 (b) is

unauthorized in the case sub judice. "Where the inapplicable instruction authorizes the jury to reach a finding of guilty by a theory not supported by the [competent] evidence of record, we cannot say as a matter of law that the charge was neither confusing nor misleading. (*Stanley v. State*, 153 Ga. App. 42, 47 (264 SE2d 533) (1980).)" *Anderson v. State*, 262 Ga. 26 (1), 27 (1b) (413 SE2d 732). In the case sub judice, the trial court's unsuccessful attempt at corrective instructions did not cure the defect in charging the jury on an inapplicable theory of guilt. This error requires a new trial as to Count I of the accusation alleging defendant operated an automobile while under the influence of alcohol to the extent he was a less safe driver.

4. Although the general grounds are not enumerated, the circumstantial evidence that defendant was a less safe driver is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307, supra, to authorize the jury's verdict that defendant is guilty, beyond a reasonable doubt, of violating OCGA § 40-6-391 (a) (1) as alleged in Count I of the accusation. *Porter v. State*, 195 Ga. App. 388 (1) (393 SE2d 513).

5. Defendant's remaining enumerations have been considered and are found to be without merit or unlikely to recur upon retrial.

*Judgment reversed as to Count II; judgment reversed and case remanded for new trial as to Count I. Andrews and Blackburn, JJ., concur.*

DECIDED MAY 25, 1995.

*Steven E. Lister*, for appellant.
*Keith C. Martin, Solicitor, Evelyn Proctor, Assistant Solicitor*, for appellee.