A95A2109. NORRIS v. THE STATE.
A95A2110. NORRIS v. THE STATE.
A95A2111. PARIS v. THE STATE.
(469 SE2d 214)

McMURRAY, Presiding Judge.
Defendants Larry Norris, Anthony Tyrone Norris, McKendrell

Paris, Carlos Tarrez Harris and Charles Christopher Poole were jointly indicted for the armed robbery and aggravated assault of James Stanley Curtis ("the victim"). The evidence adduced at a jury trial reveals that S. R., a juvenile, drove Eddie Lamar Jackson and defendants to the victim's home for the purpose of obtaining illegal drugs. Defendants Anthony Tyrone Norris and Larry Norris went inside the victim's home with Jackson while defendants Harris, Poole and Paris waited outside with S. R. While inside, defendants Anthony Tyrone Norris and Larry Norris ransacked the house and beat the victim and Eddie Lamar Jackson. After the victim informed defendants Anthony Tyrone Norris and Larry Norris that he did not have any illegal drugs, defendant Larry Norris shot the victim in the leg. Defendant Paris then entered the house and seized the victim's telephone receiver and a pellet gun. After restraining the victim and Jackson with a cord, defendants Anthony Tyrone Norris and Larry Norris fled the scene with the other defendants and S. R. Defendants Anthony Tyrone Norris and Larry Norris got away with a few dollars in cash and defendant Paris got away with the pellet gun. Defendant Paris also took the victim's telephone receiver.

The jury found defendants Anthony Tyrone Norris, Larry Norris and Paris guilty on both counts of the indictment. Co-defendants Harris and Poole were found not guilty. These appeals followed the denial of the convicted defendants' motions for new trial. The appeal filed by defendant Larry Norris was docketed as Case No. A95A2109. The appeal filed by defendant Anthony Tyrone Norris was docketed as Case No. A95A2110. And the appeal filed by defendant Paris was docketed as Case No. A95A2111. We now consider all three appeals. *Held*:

1. Defendant Anthony Tyrone Norris challenges the sufficiency of the evidence, arguing that the identification testimony of the victim and Eddie Lamar Jackson is too contradictory and speculative to authorize the jury's finding that he was a perpetrator of the crimes charged. Similarly, defendant Larry Norris asserts that the identification testimony of the victim and Eddie Lamar Jackson was "not of sufficient probative force to warrant admission into evidence." These contentions are without merit.

" 'The weight and credibility of witnesses are questions for the triers of fact; that some evidence offered by a witness seems contradictory to his own or to some other's, or incomplete or uncertain, does not automatically discredit the evidence given by that witness . . . for it is the function of the triers of fact to determine to what evidence it gives credence. (Cit.) It is not for us to determine or question how the jury resolved any apparent conflicts or uncertainties in the evidence. (Cit.) Rather, on appeal, we indulge every contingency in favor of the verdict. (Cit.)' *Simpson v. State*, 193 Ga. App. 439, 440 (2) (388 SE2d

39) (1989)." *Nguyen v. State*, 201 Ga. App. 132, 133 (410 SE2d 340).

In the cases sub judice, S. R. testified and placed defendants Anthony Tyrone Norris and Larry Norris at the crime scene. S. R.'s testimony was corroborated by the identification testimony of the victim and Eddie Lamar Jackson. This evidence alone is sufficient to authorize the jury's findings that defendants Anthony Tyrone Norris and Larry Norris are guilty, beyond a reasonable doubt, of the crimes charged in the indictment, i.e., armed robbery and aggravated assault. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Nguyen v. State*, 201 Ga. App. 132, 133, supra.

2. Defendant Paris contends the evidence is insufficient to authorize a finding that he was a party to the crimes, arguing that he did not enter the victim's house until after completion of the armed robbery and the aggravated assault.

" 'Presence at the scene of a crime, even when coupled with knowledge and approval, not amounting to encouragement, is not sufficient to show that defendant is a party. *Brown v. State*, 250 Ga. 862 (1) (302 SE2d 347) (1983); *Parker v. State*, 155 Ga. App. 617 (2) (271 SE2d 871) (1980). However, "criminal intent may be found by the jury 'upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted.' OCGA § 16-2-6." *Lunz v. State*, 174 Ga. App. 893, 895 (332 SE2d 37) (1985). "While mere presence at the scene of the commission of a crime is not sufficient evidence to convict one of being a party thereto, presence, companionship and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred. (Citation and punctuation omitted.)" *Kimbro v. State*, 152 Ga. App. 893, 894 (264 SE2d 327) (1980).' *Smith v. State*, 188 Ga. App. 415, 416 (1) (373 SE2d 97)." *Griggs v. State*, 208 Ga. App. 768 (1), 769 (432 SE2d 591).

In the cases sub judice, defendant Paris went to the crime scene with defendants Anthony Tyrone Norris and Larry Norris and robbed the victim as he was bleeding from a gunshot wound inflicted by defendant Larry Norris. This evidence, and proof that defendant Paris fled the crime scene with defendants Anthony Tyrone Norris and Larry Norris, is sufficient to authorize the jury's finding that defendant Paris is guilty, beyond a reasonable doubt, of being a party to the armed robbery and aggravated assault of James Stanley Curtis. *Jackson v. Virginia*, 443 U. S. 307, supra; *Earl v. State*, 214 Ga. App. 891 (1) (449 SE2d 361).

3. Defendants Anthony Tyrone Norris and Larry Norris contend the trial court erred in denying their joint motion for mistrial, arguing that the State's attorney improperly commented (during closing argument) on their failure to testify or present a defense at trial.

At trial, defendants jointly asserted a motion for mistrial and ar-

gued that the State's attorney impermissibly shifted the burden of proof by making "reference [during closing argument] to the failure of the defense to put up a defense." After the trial court stated that he did not recall any such comment, counsel for defendant Harris stated that "she made the phrasing failure to put up any arguments. . . ." This suggestion was apparently in reference to the State's attorney's argument that defendants focused upon irrelevant issues and blamed others for the crimes charged "[b]ecause they don't have anything else to argue."

"In *Ranger v. State*, 249 Ga. 315 (3) (290 SE2d 63) (1982), the Supreme Court adopted a two-prong test to determine if a prosecutor's remarks warrant reversal: (1) either the prosecutor's manifest intent was to comment upon the defendant's failure to testify or (2) the remark was such that the jury would naturally and necessarily take it as comment on the defendant's failure to testify." *Millwood v. State*, 191 Ga. App. 659 (2), 660 (382 SE2d 430). In the cases sub judice, we find no violation of either prong of this test. First, it appears that the State's attorney was merely commenting upon the implausibility of defendants' version of the proof. Second, we do not believe the jury would necessarily have taken the State's remark as a comment upon defendants' failure to testify or their failure to present defenses. On the contrary, the State's remark "[defendants] don't have anything else to argue" appears to be within the proper range of closing argument. See *Smith v. State*, 178 Ga. App. 19 (341 SE2d 901); *Hall v. State*, 163 Ga. App. 515, 517 (4) (295 SE2d 194).

4. Other grounds asserted by defendant Anthony Tyrone Norris in support of his contention that the State's attorney uttered impermissible comments during closing arguments were not raised at trial and will therefore not be considered on appeal. "It is well settled that this court will not consider issues raised for the first time on appeal. See *Perault v. State*, 162 Ga. App. 294 (2) (291 SE2d 122) (1982)." *Coggins v. State*, 168 Ga. App. 12, 13 (3) (308 SE2d 36).

5. Defendant Anthony Tyrone Norris contends the trial court erred in denying his pre-trial motion for the State to supply him with funds to hire a handwriting expert, claiming that such an expert could have verified an entry he made in an out-of-town motel's guest register on the day of the crimes charged and thereby substantiated his alibi defense.

Although a handwriting expert may have verified the presence of defendant Anthony Tyrone Norris' handwriting in an out-of-town motel's guest register, defendant Anthony Tyrone Norris failed to demonstrate that such expert assistance was critical for establishing his alibi defense. *Roseboro v. State*, 258 Ga. 39 (3), 41 (3) (d) (365 SE2d 115). Under the circumstances of the case sub judice, we cannot say the trial court abused its discretion in denying defendant

Anthony Tyrone Norris' motion for funds to hire a handwriting expert. Id. at 39 (3) (a).

6. Defendant Paris contends the trial court erred in charging the jury that "[a] person entering into a conspiracy already formed is a party to all acts done by the other conspirators before and after such entry into the furtherance of the criminal enterprise." He reasons that the word "after" in this instruction improperly "signifies that a person entering the crime as an accessory after the fact is both a co-conspirator and a party to the crime." This contention is without merit.

The above-quoted instruction is an accurate statement of the law, *Watkins v. State*, 207 Ga. App. 766, 773 (5) (430 SE2d 105), and in no way confuses the subject of liability as a conspirator with the distinct theory of liability as an aider and abettor. See *Drane v. State*, 265 Ga. 255, 257 (4), 258, n. 4 (455 SE2d 27). In fact, the trial court did not even mention liability as an aider and abettor when he instructed the jury as to liability as a conspirator.

*Judgments affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED JANUARY 22, 1996 —
RECONSIDERATION DENIED FEBRUARY 6, 1996 — ▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Michael J. Moses*, for appellant (case no. A95A2109).
*John J. Pilcher II*, for appellant (case no. A95A2110).
*Susan E. S. Shook*, for appellant (case no. A95A2111).
*Richard A. Malone, District Attorney, Anne L. Durden, Assistant District Attorney*, for appellee.